# Exhibit 2

EXHIBIT 22

# THE MARYLAND
# STATE BOARD OF
# EDUCATION

**Clarence C. Crawford**
President

**Joshua L. Michael, Ph.D.**
Vice President

## MEMORANDUM

May 1, 2024

TO:           Dr. Monique Felder
              Rachel Grossberg, Esq.
              Tim and Dagmar Janss

FROM:         Michelle L. Phillips *MLP*
              Administrative Officer
              Maryland State Department of Education

SUBJECT:      T.J. and D.J. v. Montgomery County Board of Education

        Enclosed is a copy of **Opinion No. 24-10** for the above named case which was
issued by the Maryland State Board of Education at its April meeting.

        **The State Board's decision may be appealed by filing a Petition for Judicial
Review in the Circuit Court of the jurisdiction in which the local board is located
within 30 days of the date of the decision. COMAR 13A.01.05.11.**

Enclosure

cc:     State Board File

T.J. AND D.J.,

     Appellant

     v.

MONTGOMERY COUNTY
BOARD OF EDUCATION,

     Appellee.

BEFORE THE

MARYLAND

STATE BOARD

OF EDUCATION

Opinion No. 24-10

## OPINION

### INTRODUCTION

Appellants challenge the January 11, 2024, decision of the Montgomery County Board of Education ("local board") upholding the decision of the local superintendent denying their student an exemption, based on religious grounds, from the Montgomery County Public Schools ("MCPS") one credit health education course. The local board filed a response maintaining that its decision was not arbitrary, unreasonable, or illegal. Appellant responded and the local board replied.

### FACTUAL BACKGROUND

This appeal arises out of an October 13, 2023, Complaint from the Public filed by T.J. and D.J. ("Appellants") on behalf of their student. Appellants challenge the decision of the local board denying the student an exemption from the MCPS one credit of health education, Health A&B classes, part of a State required health education credit for graduation. Appellants sought the waiver from the course because, as they argue, MCPS directed health education teachers to review LGBTQ+ resources to incorporate more inclusive language in the health education classroom throughout the entire course. They argue that references to LGBTQ+ in the health course generally violates their constitutional rights of parental authority, freedom of speech, and freedom of religion.

In its January 11, 2024, decision, the local board concluded that MCPS may only excuse students from the family life and human sexuality ("FLHS") unit of study of the MCPS comprehensive health education curriculum, but there is no provision to waive or excuse the entire health education course which is required by State law and local board regulations. (R. 3-4). The local board further concluded that the student could satisfy the required health credit in other ways, including through an independent study or by enrolling in a college course, and directed school staff to inform Appellants of the alternative means by which their student could earn her health credit. *Id.*

State Board regulations provide that beginning with the 2021-2022 school year freshman class of 2025 students are required to complete one credit of health education in order to meet the Maryland public high school graduation requirements. COMAR 13A.03.02.03C(5).

Consistent with this requirement, local board regulation ISB-RA, *High School Graduation Requirements*, requires students to meet the state high school graduation requirements including the one credit of health education. The local board regulation ISB-RA also details alternative provisions for earning the required credits through dual enrollment in a community college or an independent study and requires a MCPS staff member to evaluate any independent study program.

State Board regulations, most recently revised in 2019, require local school systems to offer a comprehensive health education program for all public school students in grades 9-12 which enables students to meet graduation requirements. COMAR 13A.04.18.01A(2). The State Board has recognized that individual parents' values and beliefs may not align with the FLHS components of the health education instruction, and as such State Board regulations require the local school systems to establish policies and procedures for student opt-out regarding instruction related to FLHS objectives and to provide a student opting out with appropriate alternative learning activities and/or assessments in health education. *See* Maryland Comprehensive Health Education Framework: Pre-Kindergarten Through High School[1] and COMAR 13A. 04.18.01D(2).

Local board regulation IGP-RA, *Comprehensive Health Instructional Program*, provides the procedures for implementing the comprehensive health education instructional program for MCPS students as required by Maryland law and provides that students may be excused from the FLHS unit of study upon written request from parents or guardians. IGP-RA.III.E. Local board regulation also provides that the written notification to parents announcing the FLHS unit of study is required and each school is required to hold an informational meeting to provide an opportunity for parents and guardians to discuss the FLHS unit of study with teachers and review instructional materials. *Id.*

Local board policy ACA, *Nondiscrimination, Equity, and Cultural Proficiency,* provides that MCPS will not tolerate discrimination in any form and reinforces MCPS' commitment to view its programs through an equity lens with a strategic focus on marginalized student groups to develop and promote a culture of high expectations for all students.

The local board also has guidelines for *Religious Diversity in MCPS* that provides students may be excused from noncurricular activities, but MCPS cannot accommodate requests for exemptions from required curricular instruction or the use of curricular instructional materials based on religious objections.

The Appellants enrolled the student at Damascus High School ("DHS") as a 9th grade student in the 2021-2022 school year. She is currently a junior for the 2023-2024 school year. Prior to the beginning of her sophomore year, the 2022-2023 school year, the Appellants researched the MCPS health class, Health A&B ("health class") and based on their research they requested that the principal withdraw their student from the health class and asked that the student be excused from the entire class based on the student's religious beliefs.

On March 15, 2023, the Appellants filed a Complaint from the Public requesting that the student be exempted from the requirement to participate and pass the MCPS health class required

---

[1] Found at
https://marylandpublicschools.org/about/Documents/DCAA/Health/Health_Education_Framework_July_2022.pdf.

for graduation based on religious grounds. (R. 134). On June 6, 2023, the local board issued a
Decision and Order denying the Appellant's student an exemption from the MCPS one credit
health education class finding that the one credit of health education is required by COMAR
13A.03.02.03 and MCPS may waive only the FLHS portion of the health requirement but not the
entire class. (R. 38-39). The local board explained that the student could satisfy the required
health credit in other ways, including through an independent study or by enrolling in a college
course, and directed school staff to inform Appellants of the alternative means by which their
student could earn her health credit. The Appellants appealed the local board's decision to the
State Board; however, we dismissed their appeal because it was untimely. *See T.J. and D.J. v.
Montgomery Cnty. Bd. of Educ.*, MSBE OR 23-15 (2023). We also denied their request to
reconsider our decision in Order 23-15. *See T.J. v. D.J. v. Montgomery Cnty. Bd. of Educ.*,
MSBE OR 23-18 (2023). This appeal addresses issues raised after the local board's June 6, 2023,
decision.

On June 26, 2023, the Appellants requested that the school principal allow the student to
be granted permission to attend and obtain one credit in health education offered by the
Brookewood School, an independent Catholic School. (Appeal, Attach. at pp. 15-16, 84-85, 89).
By email dated July 11, 2023, the principal informed the Appellants that the private option is not
an MCPS approved option and per the local board decision, there are two options, independent
study, which would be approved by DHS administration, or taking the course through
Montgomery College. (Appeal, Attach. at p. 87). The principal provided the Appellants with
information and the course description for the health class offered by Montgomery College
which is approved as satisfying the one credit MCPS requirement. The Appellants have declined
the community college option. The email communication further explained that if the decision is
to complete an independent study project, "a proposal would need to be submitted for approval
by school Health staff/administration that meets the Health A&B requirements." *Id.*

On July 22, 2023, the Appellants submitted a request for an independent study to be
supervised by Dr. Rose, a former MCPS teacher with a Ph.D. in Global Health Promotion.
(Appeal, Attach. at pp. 93-110). In support of the request, the Appellants submitted a letter from
Dr. Rose stating her willingness to supervise the independent study and indicating that she has
personally developed health curriculum courses that include the Health A&B course objectives
that have been widely used by secondary and college educational institutions in the U.S. and
elsewhere. The letter states that she provided the syllabus of relevant portions [of the health
curriculum] to the [Appellants] so that he could provide them to MCPS for review. *Id.*

On July 27, 2023, the principal responded:

> Per Regulation ISB-RA – High School Graduation, additional
> information is needed. Per the regulation, "Opportunities for
> independent study and eligibility requirements are established by the
> professional staff of the school, with appropriate involvement of
> students and parents/guardians." Please reply with the following
> information to meet the criteria for approval:
> A detailed syllabus including:
>
> -   Course objectives and goals
> -   Projects that will address the <u>Maryland state health education
>     standards.</u>

> Once these items are submitted, I will appoint a [DHS] teacher
> who will be responsible for reviewing the materials and guiding
> [student] while she engages in independent study.

(R. 109-110).

By email dated August 3, 2023, the Appellants declined to provide any additional
requested information for the independent study and stated:

> We are simply requesting that the Health A&B curriculum, as
> specified by MCPS, be taught by a teacher of our choosing that we
> can trust and who does not have an anti-Christian bias. None of this
> would be necessary if MCPS had not injected the entire Health A&B
> curriculum with its slant on LGBTQ+ instruction or if we had been
> given access to the instructional materials for the current class and
> allowed to opt out of LGBTQ+ instruction wherever it appears, as it
> is FLHS instruction.

(Appeal, Attach. at p. 108).

On October 13, 2023, Appellants submitted an MCPS Complaint from the Public. (R.
134). In their Complaint the Appellants requested that their student be granted an exemption
from the requirement to participate in the MCPS health class. On October 17, 2023, the principal
denied the Appellant's complaint and indicated that MCPS is unable to waive the course
requirement. On October 18, 2023, the Appellants appealed the decision to the Division of
Appeals within MCPS. On November 1, 2023, Dana E. Edwards, Chief of District Operations,
denied the request based on the local board's previous adjudication of the matter. (R. 133). By
memorandum dated November 27, 2023, the local superintendent asked the local board to
uphold the denial.

On November 7, 2023, the Appellants submitted their appeal to the local board for their
student to be excused from the MCPS one credit of health education requirement alleging the
MCPS health class violates their parental autonomy, freedom of speech, and freedom of religion.
(R. 136). In support of their appeal to the local board, the Appellants attached their initial appeal
to the State Board asking for an exemption from the MCPS health class, the class at Montgomery
College, and the independent study option. (R. 13-15). In the appeal letter to the State Board, the
Appellants state:

> While it is clear that MCPS is attempting to foster an inclusive
> environment, the Classes offered discriminate against our deeply
> held religious beliefs. We do understand the difficulty of preparing
> lesson plans that meet all cultural and religious beliefs and we
> support the free will of all people. We believe the Public School
> System should not discriminate against any group....

(R. 13-14).

On January 11, 2024, the local board issued a Decision and Order denying the
Appellants' student an exemption from the MCPS one credit health education course finding that
the one credit of health education is required by COMAR 13A.03.02.03 and MCPS may waive

4

only the FLHS portion of the health requirement but not the entire class.[2] (R. 3-4). The Decision and Order informs the parties that the student can satisfy the health credit requirement through independent study and enrolling in a college course. The Decision and Order further provides that any alternative means of satisfying the health credit requirement must comply with local board policy and regulation. *Id.*

This appeal followed.

STANDARD OF REVIEW

A decision of the local board involving a local policy or a controversy and dispute regarding the rules and regulations of the local board is considered *prima facie* correct. COMAR 13A.01.05.06A. A decision may be arbitrary or unreasonable if a reasoning mind could not have reached the conclusion the local board or local superintendent reached. COMAR 13A.01.05.06B(2). The State Board will not substitute its judgment for that of the local board unless the decision is arbitrary, unreasonable or illegal. COMAR 13A.01.05.06A. The Appellants have the burden of proof by a preponderance of the evidence. COMAR 13A.01.05.06D.

LEGAL ANAYLSIS

*Additional Filing*

On March 25, 2024, the local board filed its reply, and the parties were notified that the file was complete and ready for review before the State Board. On March 28, 2024, after briefing was complete in this matter, the Appellants submitted an additional filing mostly repeating the arguments made in their first two filings with the State Board. State Board regulations allow for only two filings per party. *See* COMAR 13A.01.05.03C. Accordingly, the Appellants additional third filing is not permitted under our regulations and will not be included as part of the record.

*Maryland's Comprehensive Health Education Instructional Program Requires One Credit of Health Education to Graduate*

The current statutory authority for Maryland's comprehensive health education instructional program is Ed. Art. §7-401 which requires the Maryland State Department of Education ("MSDE") and the Maryland Department of Health to develop public standards and guidelines for school health programs. Beginning in 1969, the Maryland General Assembly passed laws requiring health education and expanded health education topics. *See*, Art. 77, sec. 85 (1969). After we promulgated the initial health education regulation there have been several revisions. A significant change in the regulation came in 1990 when implementation of a health education curricular framework became part of the regulation. Then in 1991, the regulation was repealed and adopted as known today, COMAR 13A.04.18: Programs in Comprehensive Health Education.

---

[2] The Decision and Order states, the local board, "acknowledges that the parents' current appeal is procedurally flawed but opted to decide this appeal on the merits, rather than dismiss on procedural grounds, because the student still has not earned a health education credit. The substantive issues in the appeal, remain ripe for review." (R. at 3).

Over the decades, the General Assembly has enacted or amended laws to address drug education programs, Ed. Art. §7-411; dating violence, diabetes, and oral health education, Ed. Art. §7-411.1; anti-bullying, harassment, and intimidation, Ed. Art. §§7-424, 7-424.1; awareness and prevention of sexual abuse and assault, Ed. Art. §7-439; and instruction on the meaning of consent and respect for personal boundaries. Ed. Art. §7-445. Within the anti-bullying statute, Ed. Art. §§7-424 and 7-421.1, MSDE and local boards must develop educational programs to prevent bullying, harassment, and intimidation in schools against students because of their sex, sexual orientation, and gender identity.

The health education regulation was revised again in 2019. The regulations as adopted in 2019 also provide the special requirements in COMAR 13A.04.18.01D for substance abuse prevention, safety and violence prevention, disease prevention and control, and FLHS. COMAR 13A.04.18.01D(2).

At the same time we revised our health education regulations, we also adopted the Educational Equity regulations, COMAR 13A.01.06.[3] Our equity regulations define "individual characteristics" to include gender identity and expression, and sexual orientation. COMAR 13A.01.06.03. The regulations require each local school system to develop an educational equity policy and regulations with the goal of providing educational equity to all students and requires that an equity lens be used in reviews of staff, curriculum, pedagogy, professional learning, instructional materials, and assessment design. COMAR 13A.01.06.04C.

In June 2020, MSDE published the current *Maryland Comprehensive Framework: Pre-Kindergarten Through High School[4]* to implement the requirements of our comprehensive health education regulations and the equity in education regulations. The Framework is developed to assist the local school system to develop the curricula to implement the regulations.

The local board implemented the requisite changes to its health course during the 2021-2022 school year consistent with the State statutory and regulatory law and the MSDE framework. The local board regulation IGP-RA requires all high school students to earn one credit of health education to graduate. On November 9, 2021, the local board met and discussed the graduation requirements for the Class of 2025. During this session, the local superintendent addressed the increase in the number of credits required in health education from one half credit to one credit for graduation, as mandated by the State Board. *See* Local Bd. Reply at 5. Furthermore, at the June 7, 2022, local board meeting, the local board deliberated upon the health education requirements. *Id.* The local superintendent sought approval from the local board to adopt the Maryland Comprehensive Health Education Framework, which included the revised 1.0 health education credit required for high school graduation. *See* Local Bd. Reply at 5 and Local Bd. Resp., Ex. 3. Subsequently, the proposal was adopted by the local board, signifying its endorsement of the curriculum changes. *Id.*

### Opt-Out of the Entire Health Class is Not Permitted

With this background, we turn to Appellants' request to exempt the student from the entire one credit of health education required to graduate. We agree with the local board decision

---

[3] https://marylandpublicschools.org/stateboard/Documents/06252019/TabH-13A.04.05EducationMulticultural.pdf.

[4] https://marylandpublicschools.org/about/Documents/DCAA/Health/Health_Education_Framework_July_2022.pdf.

that such an exemption is not permitted under COMAR 13A.03.02.03, COMAR 13A.04.18.01D, and local board regulation IGP-RA. Local board regulation IGP-RA outlines the procedures by which parents can request to opt out their child from FLHS units of study, not the entire comprehensive health curriculum. An exemption from the entire class would violate State statutory and regulatory law and the local board's regulations requiring the one credit of health education credit to graduate.

### MCPS Curriculum

Appellants argue that MCPS's instruction to teachers to use more inclusive LGTBQ+ resources throughout the entire health curriculum is unreasonable and not permitted by local board policy because the inclusion of such resources must be confined to the FLHS portion of the curriculum pursuant to local board regulation IGP-RA which states that FLHS instructional materials are not to be used in any other instructional program of the school. IGP-RA III.E. The Appellants also argue that our regulation that provides that FLHS must represent all students regardless of ability, sexual orientation, gender identity, and gender expression requires the local board to confine any mention or discussion of LGBTQ+ resources to the FLHS portion of the curriculum. In essence, the Appellants are arguing that any mention of sexual orientation, gender identity, or gender expression in any area of education must be avoided in the curriculum even if that curriculum does not pertain to FLHS. Despite their argument, Maryland's comprehensive health education regulations require education surrounding mental and emotional health, substance abuse prevention, and safety and violence prevention. The incorporation of LGBTQ+ resources would assist in that curriculum's primary objective to help students adopt and maintain behaviors that protect and promote health and avoid or reduce health risk. COMAR 13A.04.18.01B.

We agree with the local board that incorporation of the LGBTQ+ resources throughout the entire health classroom fulfills MCPS' fundamental responsibility to include instructional materials that reflect the diversity of the local and global community. Incorporation of LGBTQ+ resources acknowledge the diverse identities and experiences present within the student body and it aims to foster inclusivity and understanding. The Appellants recognize that MCPS is attempting to foster an inclusive environment. We agree that such inclusive policies help foster a safe, supportive, and inclusive environment that benefits all students, consistent with Maryland's equity in education regulation and the local board policies implementing these requirements.

Because the health course is required of all students, we conclude that the local board's denial of the waiver is not arbitrary, unreasonable, or illegal. Moreover, the local board regulation IGP-RA, *Comprehensive Health Instructional Program*, that provides the procedures for implementing the comprehensive health education instructional program for MCPS students is consistent with our regulations. Finally, we do not find that the local board's decision to include LGBTQ+ resources throughout the entire health class is arbitrary, unreasonable, or illegal. It is consistent with our equity regulations COMAR 13A.01.06.03 and COMAR 13A.01.06.04C(8).

### Constitutional Claims

The Appellants also argue that the local board's non-waiver policy for the units not pertaining to FLHS units and the denial of their request to exempt the student from the entire health class infringes on their child's constitutional right to practice her religion. A recent

7

decision from the United States District Court for the District of Maryland, *Mahmoud v. McKnight*, 2023 WL 5487218 (D.Md. 2023), held that another inclusive MCPS policy that did not allow young elementary school students to opt out of reading story books with LGBTQ+ characters in their language arts class curriculum did not violate any constitutional rights. The court held that merely exposing students to ideas that contradict their or their parents' religious beliefs does not burden religious exercise because the plaintiffs failed to show the no-opt-out policy likely will result in the indoctrination of their children or otherwise coerce their children to violate or change religious beliefs. The court stated, "Public schools are not obliged to shield individual students from ideas which potentially are religiously offensive, particularly when the school imposes no requirement that the student violate his or her faith during classroom instruction." 2023 WL 5487218 at *26 (internal quotation marks omitted). The court concluded there was no government action preventing the parents from freely discussing topics raised in the storybooks with their children or teaching children as they wish.

The State Board also has recognized that the Constitution does not require a local school system to exempt a student from a course based on religious grounds. *Yasmean W. v. Howard Cnty. Bd. of Educ.*, MSBE Op. No. 13-56 (2013). In *Yasmean*, we held that the appellant's request for a religious based exemption from a music course is not constitutionally required. We held that parents have a fundamental right to decide *whether* to send their child to a public school; however, they do not have a fundamental right generally to direct *how* a public school teaches their child. MSBE Op. No. 13-56 at 2, *citing In Re: Gloria H.,* 410 Md. 562, 583-84 (2009); *Blau v. Ft. Thomas Sch. Dist.*, 401 F.3d 381, 395-96 (6th Cir. 2005) (reviewing cases). That extends to the school curriculum, the hours of the school day, school discipline, the timing and content of examinations, the individuals hired to teach at the school, and the extracurricular activities offered at the school. *Id.* These issues of public education are generally "committed to the control of state and local authorities." *Goss v. Lopez,* 419 U.S. 565, 578, (1975); *see Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 291 (5th Cir. 2001) ("While parents may have a fundamental right in the upbringing and education of their children, this right does not cover the parent's objection to a public school Uniform Policy."); *see also Leebaert v. Harrington*, 332 F.3d 134, 142 (2d Cir. 2003) (The fundamental right to control the upbringing and education of one's child does not include "the right to tell public schools what to teach or what not to teach him or her."); *Swanson v. Guthrie Indep. Sch. Dist.*, 135 F.3d 694, 699 (10th Cir.1998) (parents do not have a fundamental right to send their child to school part-time only and pick and choose the classes she takes); *Herndon v. Chapel Hill–Carrboro City Bd. of Educ.*, 89 F.3d 174, 176 (4th Cir.1996) (requirement that high school students perform community service in order to graduate does not violate parents' right to control education of their children). *See also In Re: Gloria H.*, 410 Md. 562, 583-84 (2009).

Although Appellants oppose LGBTQ+ material included in the local board's health curriculum, their constitutional rights are not violated by the local board's inclusion of such material in the health course and not granting the requested waiver from the health course. In an attempt to accommodate the Appellants' concerns the local board's January 2024 decision gave them options for the student to satisfy the required health credit through an independent study or by enrolling in a college course consistent with local board policy. Appellants refused these options because they refused any involvement of MCPS staff as required by local board policy. But these options demonstrate the local board's efforts to meet the Appellants' concerns and offer flexibility to give alternative means by which the student can earn her health credit.

8

CONCLUSION

Based on our review of the record developed in this matter, we find that there is no factual or legal basis to conclude that the local board's decision was arbitrary, unreasonable, nor illegal.

_____
Clarence C. Crawford
President

_____
Joshua L. Michael
Vice-President

_____
Chuen-Chin Bianca Chang

_____
Susan J. Getty

_____
Nick Greer

_____
Irma E. Johnson

_____
Rachel McCusker

_____
Joan Mele-McCarthy

_____
Samir Paul

Absent:
Shawn D. Bartley
Monica Goldson
Holly Wilcox

April 30, 2024