# Exhibit 3

| | |
|---|---|
| YASMEAN W., | BEFORE THE |
| Appellant | MARYLAND |
| v. | STATE BOARD |
| HOWARD COUNTY BOARD OF EDUCATION, | OF EDUCATION |
| Appellee. | Opinion No. 13-56 |

## OPINION

### INTRODUCTION

The Appellant appeals the decision of Howard County Board of Education (local board) denying an exemption from music class for religious reasons for her twin daughters who were then in kindergarten. The local board filed a Motion for Summary Affirmance. The Appellant responded and the local board replied.

### STANDARD OF REVIEW

This case involves a decision of the local board concerning a "local policy" not to grant waivers from curriculum for religious reasons. When a local board adopts a policy it acts in a quasi-legislative manner. When the local board's decision is quasi-legislative, this Board will decide only whether the local board acted within the legal boundaries of State or federal law. *Linchester Sand,* 274 Md. at 223; *accord Adventist Health Care Inc. v. Maryland Health Care Comm'n,* 392 Md. 103, 117 n.12 (2006); *Fogle v. H&G Restaurant,* 337 Md. 441, 454 (1995); *Weiner,* 337 Md. at 190; *County Council of Prince George's County v. Offen,* 334 Md. 499, 507 (1994). This Board will not substitute its judgment for that of the local board's as to the wisdom of the legislative action. *Weiner,* 337 Md. at 190.

When a local board applies its policy in a particular case, we will apply our usual standard of review. The local board's decision is considered *prima facie* correct, and the State Board will not substitute its judgment for that of the local board unless the decision is arbitrary, unreasonable, or illegal. COMAR 13A.01.05.05A.

### FACTUAL BACKGROUND

At the beginning of the 2012-2013 school year, the Appellant requested that her daughters be exempted from their kindergarten music class because of the impermissibility of music in their Muslin faith. The Appellant argued that forcing her children to take music infringed on their First Amendment right to practice their religion. She also argued that the Fine Arts curriculum need not include music and that her children could take art instead. On March 13, 2013, the local board denied the request for exemption finding that the State regulations included music as an integral part of the Fine Arts curriculum. The local board also concluded that parents do not have a constitutional right to receive exemptions from courses in the basic curriculum. After issuance of that decision, this appeal ensued.

LEGAL ANALYSIS

This appeal presents two legal issues:

(1) Whether music is considered an integral part of the Fine Arts Program?
(2) Whether a child must be provided an exemption from a class on the grounds of free exercise of religion?

*Music as an Integral Component of Fine Arts*

The local board has adopted a policy that precludes a waiver of the "essential curriculum," even for religious reasons, except as provided in Maryland law and regulation, *i.e.* certain health education units. (Local Board's Motion, Ex. 4). The Appellants question whether music is part of the essential curriculum.

State regulations set forth the Fine Arts Program requirements as art, dance, music, and theatre. COMAR 13A.04.16.01(A). That regulation is the basis for the Maryland State Curriculum in Fine Arts. The State Curriculum is the "essential curriculum" in Maryland. The State Curriculum for Fine Arts contains four components, art, music, dance, theatre, for kindergarten and each grade level, thereafter. *See,* Local Board's Motion, Ex. 6; http://www.mfaa.msde.state.md.us. Each of those content areas are integral parts of the Fine Arts curriculum. In our view, one is not interchangeable with another.

*Exemption for Religious Reasons*

The Appellant argues that the local board's non-waiver policy and its subsequent denial of her exemption request infringes on her children's right to practice their religion. That position is not supported in the case law. In *In Re: Gloria H.,* 410 Md. 562, 583-84 (2009), the Court of Appeals of Maryland summed up the case law citing the 6th Circuit Court of Appeals decision in *Blau v. Ft. Thomas School District,* 401 F.3d. 381 (6th Cir. 2005):

> The critical point is this: While parents may have a fundamental right to decide *whether* to send their child to a public school, they do not have a fundamental right generally to direct *how* a public school teaches their child. Whether it is the school curriculum, the hours of the school day, school discipline, the timing and content of examinations, the individuals hired to teach at the school, the extracurricular activities offered at the school or, as here, a dress code, these issues of public education are generally "committed to the control of state and local authorities." *Goss v. Lopez,* 419 U.S. 565, 578, 42 L. Ed. 2d 725, 95 S. Ct. 729 (1975); *see Littlefield v. Forney Indep. Sch. Dist.,* 268 F.3d 275, 291 (5th Cir. 2001) ("While parents may have a fundamental right in the upbringing and education of their children, this right does not cover the parent's objection to a public school Uniform Policy." [***30] *see*

> also *Leebaert v. Harrington,* 332 F.3d 134, 142 (2d Cir. 2003) (The fundamental right to control the upbringing and education of one's child does not include "the right to tell public schools what to teach or what not to teach him or her.") *Swanson v. Guthrie Indep. Sch. Dist.,* 135 F.3d 694, 699 (10th Cir. 1998) (parents do not have the fundamental right to send their child to school part-time only and pick and choose the classes she takes); *Herndon v. Chapel Hill-Carrboro City Bd. of Educ.,* 89 F.3d 174, 176 (4th Cir. 1996) (requirement that high school students perform community service in order to graduate does not violate parents' right to control education of their children)….

401 F.3d at 395-96.

Given that case law, we are of the view that the local board's non-waiver policy is constitutional, and an exemption on religious grounds from music class is not constitutionally required.

*Application of the Policy to this Case*

The application of the non-waiver policy in this case is neither arbitrary or unreasonable. It has been applied fairly consistently in the past, albeit there has been one exemption granted. The local board asserts that that "[f]ailure to abide by the [local board's] policies does not vitiate the policy or create a precedent requiring additional breaches of the policy." (Motion at 10). We agree.

CONCLUSION

For all those reasons, we affirm the decision of the local board.

*Charlene M. Dukes* — MCP
Charlene M. Dukes
President

*Mary Kay Finan*
Mary Kay Finan
Vice President

*James H. DeGraffenreidt, Jr.*
James H. DeGraffenreidt, Jr.

*Linda Eberhart*
Linda Eberhart

3

_absent_
_____
S. James Gates, Jr.

/s/ Luisa Montero-Diaz
_____
Luisa Montero-Diaz

/s/ Sayed M. Naved
_____
Sayed M. Naved

/s/ Madhu Sidhu
_____
Madhu Sidhu

/s/ Donna Hill Staton
_____
Donna Hill Staton

/s/ Guffrie M. Smith, Jr.
_____
Guffrie M. Smith, Jr.

October 30, 2013

4