# Exhibit 4

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

TIMOTHY AND DAGMAR JANSS, :
   Individually and as parents and :
   next friends of their minor child, :
   G.J, :
      :
Petitioners, :
      :
vs. :    Case No. C-15-CV-24-002588
      :
MONTGOMERY COUNTY :
   BOARD OF EDUCATION, :
      :
Respondent. :
      :

## OPINION AND ORDER

This matter came before the court on November 15, 2024 on Petitioner Timothy and Dagmar Jansses' Petition for Judicial Review of the Decision and Order of the Maryland State Board of Education ("State Board") in *T.J. and D.J. v. Montgomery County Board of Education*, Opinion No. 24-10, denying a health class exemption to their student. For the reasons outlined below, because Petitioners did not demonstrate that the State Board's conclusions were arbitrary, capricious or illegal, and because the State Board's findings were correct, the State Board's decision is **AFFIRMED**.

### I.    QUESTION PRESENTED

Petitioners challenge the State Board's conclusions that (1) their student is not entitled to an exemption from the requirement that their student successfully complete the Montgomery County Public Schools ("MCPS") one-credit health course; (2) that the Montgomery County School Board ("Local Board") acted appropriately in including LGBTQ+ resources or content in the health class curriculum, consistent with Maryland's equity in education regulation; and (3) that the Local Board did not infringe on the student's constitutional rights.

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 23, 2024

## II.  BACKGROUND

Petitioners' student, a senior, is enrolled at Damascus High School ("DHS"). The student, like every Maryland public high school student, is required to take Health A&B (the "health class") to fulfill a graduation requirement. Particularly concerned about the "spreading" of LGBTQ+ content throughout the health class, Petitioners requested that the principal of DHS allow their student to be exempted from participating in the entire class, based on religious grounds. In response, Petitioners were informed that one credit of health education (the health class) is required by the Code of Maryland Regulations ("COMAR"), and that although MCPS may waive the Family Life and Human Sexuality ("FLHS") unit of study in the curriculum, it cannot waive the entire class. *See, COMAR 13A.03.02.03*. Petitioners were advised that their student could satisfy the required health credit in other ways, including through an approved independent study or by enrolling the student in an approved college course. Petitioners subsequently requested that the DHS principal permit their student to enroll in and obtain one credit of health education at the Brookewood School, an independent Catholic School, to satisfy the MCPS health class requirement. Their request was denied on the basis that it was not an approved option pursuant to MCPS policy. Petitioners were again advised of alternative options available to their student, which included an independent study approved by DHS administration and taking an approved course through Montgomery College. Petitioners were further informed that if they chose to utilize the independent study option, they would need to submit a proposal for approval by DHS and that the independent study must meet the health class requirements. Petitioners submitted a request for approval for an independent study to be supervised by a former MCPS teacher, accompanied by a letter from the teacher stating her willingness to supervise the independent study and her qualifications, without a syllabus. The DHS principal reiterated the requirements for independent

2

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 23, 2024

study approval and requested that Petitioners submit a detailed syllabus. Petitioners failed and refused to submit either a syllabus or any equivalent information related to the content of the independent study, electing instead to file a complaint. The Local Board ultimately issued a Decision and Order denying the exemption. Petitioners appealed the decision of the Local Board to the State Board, which affirmed in a well-reasoned and detailed opinion. Petitioners timely noted their appeal of the State Board's decision to this court.

### III.     STANDARD OF REVIEW

The circuit court reviews the State Board's findings and stated reasons in support of its decision based on the law and the record before the State Board. *Baltimore City Bd. of School Com'rs v. City Neighbors Charter School*, 400 Md. 324, 344 (2007); *Dep't of Labor v. Boardley*, 164 Md. App. 404, 415 (2005); *Strother v. Bd. of Ed. of Howard Cty*, 96 Md. App. 99, 111 (1993). Judicial review is limited to a determination of whether the State Board's decision is "in accordance with the law or whether instead it is arbitrary, illegal, and capricious." *Md. Dep't of the Env't v. Ives*, 136 Md. App. 581, 585 (2001) (citations omitted). Expert in educational matters, the State Board has broad statutory authority to explain the true intent and meaning of the public education laws. *Baltimore City Bd. of School Com'rs, supra,* at 342. As a result, substantial deference is accorded to its interpretation of public education laws, and so long as the State Board is not patently wrong, the circuit court ordinarily defers to it. *Id*. at 347-48. Although Petitioners' arguments are directed at the Local Board's decision, the court will address their concerns in the proper context of a challenge to the findings of the State Board.

Entered: Clerk, Circuit Court for Montgomery County, MD
December 23, 2024

### IV.    STATE BOARD'S OPINION No. 24-10

The State Board made the following determinations:

(1) That Local Board regulations IGP-RA (Comprehensive Health Instructional Program) is consistent with State Board regulations, and that Petitions' exemption request cannot be granted because it is "not permitted under COMAR 13.A.03.02.03, COMAR 13A.04.18.01D and local board regulation IGP-RA," and would "violate State statutory and regulatory law and the local board's regulations requiring the one credit of health education credit to graduate." Petitioners do not challenge these determinations on appeal, and as a result the court will not endeavor to review the State Board's findings in this regard.

(2) That Petitioners' argument that the use of materials and resources that contain LGBTQ+ references must be confined to the FLHS unit of the health class is wrong because "Maryland's comprehensive health education regulations require education surrounding mental and emotional health, substance abuse prevention, and safety and violence prevention … and [t]he incorporation of LGBTG+ resources would assist in that curriculum's primary objective to help students adopt and maintain behaviors that protect and promote health…" and the inclusion approach fulfills MCPS's "fundamental responsibility to include instructional materials that reflect the diversity of the local and global community," and fosters "a safe and supportive, and inclusive environment that benefits all students, consistent with Maryland's equity in education regulation and the local board's policies implementing these requirements."

(3) That Petitioners did not demonstrate that the Local Board infringed on their rights (a) by merely exposing their student to ideas that contradict the student's or the parents' religious

4

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 23, 2024

beliefs or that its decision will result in the "indoctrination" of their student or otherwise coerce the student to "violate or change religious beliefs;" and (b) that "the Constitution does not require a local school system to exempt a student form a course based on religious grounds."

## V.   ANALYSIS

Students enrolled in Maryland public high schools must complete one credit of health education to graduate. *COMAR 13A.03.02.03.* While local school systems are permitted to establish an opt-out procedure for *instruction* related to FLHS *objectives, COMAR 13A.04.18.01(D)(2)(e)(i-iv)*, every school system has the overarching mandate of ensuring that educational equity is accorded to all students insofar as classroom environments are equitable, fair, safe, diverse, and inclusive. *COMAR 13A.01.06.04.* As set forth above, in this regard the State Board found that the incorporation of LGBTG+ into *resources* and in the language used in materials aid in the health class curriculum's primary objective of helping students adopt and maintain behaviors that protect and promote health, and that the inclusion approach fosters an environment that benefits all students. Petitioners' position is premised on the theory that the State Board misinterpreted and misapplied its own regulations; they argue that under COMAR, the instructional portion of the FLHS unit of the required health course *must be confined to that unit*, and that in the event any of the LGBTG+ topics discussed in the FLHS unit carry over into another unit of the health course, the opt-out provision permitted under COMAR should also carry over. Petitioners contend as well that the equity requirement under COMAR and the health course requirement are in conflict because they allow an infusion of FLHS topics (prominently LGBTQ+ references) into the entire health course. Petitioners' final argument is that their proposed alternatives to the health course were arbitrarily rejected.

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 23, 2024

On Petitioners' substantive arguments, the State Board found that the Local Board acted consistent with what State law requires. There is no dispute that Petitioners have the right to opt their student out of the direct teaching and instruction on FLHS objectives, which is confined to the FLHS unit of study within the health class. The obvious, overarching flaw in Petitioners' argument is that the incorporation of more inclusive language, including reference to the diverse LGBTQ+ community, into instructional materials (consistent with the educational equity requirement for each local school board to use materials that are inclusive) is not the same as the LGBTQ+ related direct teaching and instruction that occurs within the FLHS unit of the class. Petitioners conflate these very different things. Mere reference to, for example, same sex partners in the context of instructing or direct teaching on health-related subject matter in the health class, is not "instruction" on family life or human sexuality, nor is such reference the promotion of an "objective." The premise of Petitioners' argument is that mere reference to "alternative lifestyles such as LGBT[Q+] is instruction relating to FLHS objectives" is simply wrong, both intellectually and legally. There is no evidence in the record, including in the power point slide Petitions rely upon heavily, to indicate otherwise. Similarly, their argument that any LGBTQ+ reference in the health class violates their "constitutional rights of parental autonomy, freedom of speech, and freedom of religion" is without merit. Nothing in State law allows for an exemption or opt-out that would, in essence, accommodate their goal of entirely shielding their student from all LGBTQ+ references. And exposing their student to LGBTQ+ materials does not violate any right under the Constitution. Finally, Petitioners were provided with several alternatives to enrolling their student in the required health course and could have utilized one of the approved options. They chose not to do so, and refused to submit the curriculum materials required for a

6

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 23, 2024

determination that the independent study would fulfill health class requirements. As such, they waived any right to claim that their alternative was inappropriately denied.

In the interest of time, particularly given that Petitioners' student, who is about to begin the second half of the student's senior year and must enroll in the health class to graduate, this court will not go through a lengthy written analysis of the State Board's decision-making on a record that includes a detailed opinion setting forth the facts and procedural history, the appropriate standard of review and burden of proof, and its precise considerations and analysis, with historical reference and citation to all applicable statutes, rules and regulations. To do so would be no more than an exercise in regurgitation. This court has thoroughly reviewed Opinion 24-10 and the legal and factual bases for the State Board's decision, considered Petitioners' arguments both in their briefs and at oral argument (including obtaining and reviewing the transcript of oral argument), reviewed the law and regulations that apply, and The State Board's analysis and reasoning is incorporated herein by reference.

Petitioners have not demonstrated, by a preponderance of the evidence, that the State Board's decision affirming the Local Board was arbitrary, unreasonable or illegal. They have not overcome the presumption that the State Board's decision was correct. The State Board's interpretation of its own educational requirements are indeed correct as a matter of law, and otherwise.

### VI.   CONCLUSION

For the foregoing reasons, the decision of the Maryland State Board of Education denying Petitioners' complaint is affirmed.

_____
The Honorable Rachel T. McGuckian
Circuit Court for Montgomery County, Maryland

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 23, 2024