IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SETH GOTTESMAN | : | |
| | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | Case No. 8:25-cv-01682-DKC |
| | : | |
| MONTGOMERY COUNTY BOARD OF EDUCATION, *et al.* | : | |
| | : | |
|     **Defendants.** | : | |

**DEFENDANTS' SUBMISSION OF SUPPLEMENTAL AUTHORITIES REGARDING MOTION TO DISMISS**

Defendants, Board of Education for Montgomery County (BOE), improperly identified in the Complaint as "Montgomery County Board of Education," Montgomery County Public Schools (MCPS), Thomas W. Taylor, Bradley Rohner, and Yolanda Allen, by and through their undersigned attorneys, submit this memorandum to address how the recent U.S. Supreme Court decision in *Mahmoud v. Taylor*, No. 24-297, 2025 WL 1773627 (U.S. June 27, 2025), impacts the arguments raised in Defendant's Motion to Dismiss (ECF No. 23), filed June 6, 2025.

Following the filing of Defendant's Motion, the Supreme Court reversed and remanded the Fourth Circuit's decision in *Mahmoud v. McKnight,* 102 F.4th 191 (4th Cir. 2024). The Court held that parent plaintiffs challenging the Board's introduction of LGBTQ+ inclusive storybooks into the English and Language Art (ELA) curriculum in Kindergarten through fifth grade classrooms, <u>without an opt out option</u>, were entitled to a preliminary injunction. The Court found that the policy placed an unconstitutional burden on the parents' rights to the free exercise of their religion. *Mahmoud v. Taylor,* 2025 W.L. 1773627 at *24 (emphasis added). In short, the Court concluded that MCPS's "introduction of the 'LGBTQ+ inclusive storybooks,' combined with its decision to withhold notice to parents and to forbid opt outs, substantially interfered with the religious

development of petitioners' children and impose[d an unacceptable] burden on [their right to free] religious exercise." *Mahmoud v. Taylor*, 2025 WL 1773627, at *2.

However, because the facts of *Mahmoud v. Taylor* are distinguishable from the facts in this case, the Supreme Court's holding only strengthens the merits of Defendants' Motion to Dismiss. In *Mahmoud v. Taylor,* the Supreme Court described the Board as advising teachers to utilize certain LGBTQ+ inclusive storybooks throughout the K-5 ELA curriculum as part of instruction. *Mahmoud,* 2025 WL 1773627, at *8. While the Board initially notified objecting parents when the storybooks would be included in classroom instruction and permitted parents to excuse their students from the classroom during storybook-related instruction, the Board stopped allowing the parents to opt their students out of the instruction due to the cited burden placed on classroom instruction and "stigma and isolation." *Id.* at *9. The Supreme Court emphasized "that the parents sought <u>to have their children opt out</u> of a particular educational requirement that burdens their well-established right to direct the religious upbringing of their children." *Id.* at *24 (emphasis added).

In contrast to *Mahmoud*, Defendants in the case *sub judice* advised teachers to incorporate "more inclusive language, including reference to the diverse LGBTQ+ community, into instructional materials (consistent with the educational equity requirement for each local school board to use materials that are inclusive) [which] is not the same as the LGBTQ+ related direct teaching and instruction that occurs within the FLHS unit of the class." *Timothy and Dagmar Janss v. MCBOE*, Case No. 15-cv-24-002588 (Circuit Court, Dec. 23, 2024), In further contrast to *Mahmoud*, the Defendants offered the Plaintiff, and all parents of high school students, the opportunity to opt students out of the Family Life and Human Sexuality ("FLHS") unit of the Health A and Health B curriculum. Plaintiff, however, demanded an opt out for the entire Health curriculum, which is a graduation requirement mandated by the State of Maryland. COMAR 13A.03.02.03, COMAR

13A.04.18.01D. Nevertheless, the Defendants informed Plaintiff that his son could opt out of the two MCPS health education classes and still fulfill the Maryland graduation requirement through alternative means, including an online or in-person course at a local community college or through an independent study. Plaintiff did not avail himself of either opportunity.

The Supreme Court also determined in *Mahmoud* that requiring parents to choose to "either risk their child's exposure to burdensome instruction, or pay substantial sums for alternative educational services" in lieu of opting their children out of any instruction involving the contested storybooks, unconstitutionally burdens the parents' religious exercise. *Mahmoud v. Taylor*, 2025 WL 1773627, at *24. In the case *sub judice,* however, there is no evidence the Plaintiff faced such a choice. Rather, he was afforded two different options for curricular opt outs, and one of those options included a free course at Montgomery College if taken during the school year. *See* Defendants' MTD Exhibit 1, ECF No. 23-4.

In summary, even if the Plaintiff could show that MCPS' entire Health A and Health B classes "convey a particular viewpoint about same-sex marriage and gender," and that MCPS "specifically encouraged teachers to reinforce this viewpoint and to reprimand any children who disagree," *Mahmoud v. Taylor*, 2025 WL 1773627, at *43, he cannot prove the Defendants imposed an unconstitutional burden on his free exercise right because they provided him the opt out desired by the *Mahmoud* Plaintiffs for purposes of the FLHS unit as well as for all units in the contested Health A and Health B classes that he claims involve instruction contrary to his religious beliefs.

In their Motion to Dismiss (ECF No. 23), the Defendants relied upon the then controlling Fourth Circuit precedent applying rational basis review to free exercise of religion claims. ECF No. 23-1, p. 13-14, 18. The Supreme Court clarified in *Mahmoud v. Taylor* that strict scrutiny is

the proper inquiry only if the Plaintiff can show that the Defendant's implementation of the BOE's policy and regulations concerning health education and equity in education substantially interfered with his right to the free exercise of religion. *Mahmoud v. Taylor,* 2025 WL 1773627, at *21-22. Here, however, the Defendants' actions did not burden the Plaintiff's constitutional rights.[1] Accordingly, there is no need for this Court to apply strict scrutiny to the Defendants' alleged conduct. But, if the Court were to apply strict scrutiny, the BOE has a compelling interest in having "undisrupted school session[s] conducive to the students' learning,"[2] *Mahmoud v. Taylor*, 2025 WL 1773627, at *4 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 119 (1972)), and the policy and practice of permitting families to opt out of the entire health education course at Damascus High School is narrowly tailored in pursuit of that interest. *Mahmoud v. Taylor,* 2025 WL 1773627, at *21-22 (to survive strict scrutiny, the government must demonstrate that "its course was justified by a compelling state interest and was narrowly tailored in pursuit of that interest.")  And, the Plaintiff has not alleged nor can he prove that students who practice other religions, or students who assert non-religious reasons, have not been permitted to opt-out of the *entire* health curriculum without taking an alternative. If the entire MCPS Health A and Health B curriculum is objectionable to a family, they may pursue one of the approved alternatives rejected by the Plaintiff.

---

[1] Notably, in *Mahmoud* the Supreme Court emphasized that determining whether a law "substantially interferes with the religious development of a child will always be fact-intensive." *Id.* at *15. And, the Court distinguished between content delivered to young impressionable children by admired teachers from content taught to high school students. Educational requirements targeted toward very young children, for example, may be analyzed differently from educational requirements for high school students because "[h]igh school students may understand that widespread approval of a practice does not necessarily mean that everyone should accept it, but very young children are most unlikely to appreciate that fine point." *Id.*

[2] The Maryland State Board of Education determined that BOE's incorporation of LGBTQ+ resources throughout the entire health classroom fulfills the school system's "fundamental responsibility to include instructional materials that reflect the diversity of the local and global community. *T.J. and D.J. v Montgomery County Board of Education*, MSBE Op. No. 24-10.

Further, even if this Court were to conclude that the Defendants' conduct placed an incidental burden on the Plaintiff's religious exercise, the record proves that any such burden resulted from a "neutral policy that is generally applicable." *Mahmoud v. Taylor*, 2025 WL 1773627, at *21. Indeed, the undisputed record shows that the opt out process for health education instruction is a neutral policy that permits all parents to remove their child from all units of Health A and Health B without regard to their rationale.

Finally, the dissenting opinion in *Mahmoud v. Taylor*, authored by Justice Sotomayor, makes clear that Defendants Taylor, Allen, and Rohner are entitled to qualified immunity regarding Plaintiff's claim that they violated his constitutional right to free exercise of his religion. Quite simply, qualified immunity provides immunity from suit when a defendant's alleged conduct "does not violate clearly established constitutional rights of which a reasonable person would know." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). And, Justice Sotomayor, an experienced jurist, opined in her dissenting opinion that the Court's June 27, 2025 ruling in *Mahmoud* created a "new standard for free exercise burdens" in public school settings. *Mahmoud v. Taylor*, 2025 WL 1773627, at *47.

For the foregoing reasons and the reasons stated in the Motion to Dismiss (ECF Nos. 23, 23-1), Plaintiff's Complaint must still be dismissed for failure to state a claim.

Respectfully submitted,

JOHN P. MARKOVS
COUNTY ATTORNEY

/s/
Patricia Lisehora Kane, Chief
Litigation Division
Federal Bar No. 13621
patricia.kane@montgomerycountymd.gov

_____/s/_____
Jacquelyn P. Allen
Assistant County Attorney
Federal Bar No. 20594
jacquelyn.allen@montgomerycountymd.gov
101 Monroe Street, Third Floor
Rockville, Maryland 20850
(240) 777-6700

_____/s/_____
Craig Meuser,
Legal Director, Litigation and Employment
Federal Bar No. 30522
Office of the General Counsel
Montgomery County Public Schools
15 W. Gude Drive, Suite 400
Rockville, MD 20850
Craig_S_Meuser@mcpsmd.org
240-740-5600

***Counsel for Defendants, Board of Education, MCPS, Taylor, Rohner, and Allen***
