IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SETH GOTTESMAN, individually and: 
as parent and next friend of
his minor child, T.G.              :

   v.                              :    Civil Action No. DKC 25-1682

                                :
BOARD OF EDUCATION OF MONTGOMERY
COUNTY, MARYLAND, et al.        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this free exercise of religion and parental rights case is the motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) ("motion for reconsideration") filed by Seth Gottesman ("Plaintiff"). (ECF No. 36). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for reconsideration will be denied.

## I.   Background

The factual background is laid out in the court's previous opinion filed March 2, 2026 ("dismissal opinion"). (ECF No. 34, at 2-13). Plaintiff filed a verified complaint in which he asserted twelve counts, five asserting federal claims under 42 U.S.C. § 1983, and the other seven asserting state claims under Maryland law. The five federal claims were (1) violation of his Fourteenth Amendment substantive due process right to direct the upbringing of his child (Count IV), (2) failure to comply with the

Protection of Pupil Rights Amendment ("PPRA"), 20 U.S.C. § 1232h (Count VI), (3) violation of his First Amendment right to free exercise of religion (Count VII), (4) discrimination against religion through a system of individualized exemptions in violation of the First Amendment (Count IX), and (5) official animus against religion in violation of the First Amendment (Count XI).   His federal claims were dismissed with prejudice under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, and his state claims were remanded.   He was denied leave to amend.

On March 30, 2026, Plaintiff filed a motion for reconsideration.   Specifically, Plaintiff contends that "the dismissal-with-prejudice ruling rests on manifest legal error" and "amendment should have been permitted under the [United States Court of Appeals for the] Fourth Circuit's liberal Rule 15 standard."  (ECF No. 36, at 1).  Defendants filed their opposition on April 13, (ECF No. 37), and Plaintiff replied on April 27, (ECF No. 41).

**II.  Standard of Review**

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment.   "Reconsideration is an 'extraordinary remedy,' to be used 'sparingly,' available on only three grounds: 1) an intervening change in controlling law; 2) previously unavailable evidence; or 3) to correct a clear error of law or

prevent manifest injustice." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (quoting and citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  "A prior decision does not qualify for this third exception by being 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'"  *TFWS, Inc. v. Franchot*, 572 F.3d 186, 193-94 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978, at *5 n.6 (4th Cir. 1995)).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright & Miller's Federal Practice & Procedure § 2810.1 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." *Id.* (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)).

## III. Analysis

Plaintiff argues that reconsideration is warranted because the dismissal opinion contained clear legal errors and Plaintiff possesses newly discovered evidence.  He contends that the court committed the following legal errors: (1) Concluding that the Montgomery County Board of Education ("MCBE") is a state entity

3

and thus not a suable "person" under § 1983; (2) determining that Montgomery County Public Schools ("MCPS") is not a suable entity; and (3) denying leave to amend.  He offers several new exhibits both as newly discovered evidence and to demonstrate that amendment would not be futile.  None of these arguments succeed.

To begin, Plaintiff's contention that the court erred in holding that the MCBE is not a suable "person" under § 1983 is unpersuasive.  He argues that *Donlon v. Montgomery Cnty. Pub. Schs.*, 460 Md. 62 (2018), makes an entity's classification as local or state function-specific and supports his position that MCBE is suable as a local rather than state agency for purposes of suit under § 1983.  He believes the court "treated [his] reliance on *Donlon* too narrowly" by focusing strictly on whether *Donlon* stood for the proposition that *MCPS* is a suable entity.  (ECF No. 36, at 5).  The court considered *Donlon* for that narrow question, however, because that is the only context in which Plaintiff raised *Donlon* in his opposition brief.  (*See* ECF No. 31, at 7-8).  As for whether the MCBE is a "person," Plaintiff argued in his opposition brief that the MCBE had waived sovereign immunity and was thus a "person."  (*Id.* at 5-6).  In other words, his argument that the MCBE is a person under *Donlon* is new.  On a motion for reconsideration, he cannot "raise arguments . . . that could have been raised prior to the entry of judgment."  *Pac. Ins. Co.*, 148

4

F.3d at 403 (quoting 11 Wright & Miller's Federal Practice & Procedure § 2810.1 (2ᵈ ed. 1995)).

To put a finer point on it, though, the then-Maryland Court of Appeals in *Donlon* expressly declined to disturb its previous conclusion in *Beka Indus., Inc. v. Worcester Cnty. Bd. of Educ.*, 419 Md. 194 (2011), that county boards of education are state entities for purpose of sovereign immunity. *Donlon*, 460 Md. at 88; *see also Bennett v. Harford County*, 485 Md. 461, 481–82 (2023) (reaffirming this portion of *Donlon*). When Congress enacted § 1983, it "did not intend to override well-established immunities or defenses under the common law," including the principle that "the sovereign cannot be sued in its own courts without its consent." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989) (citing *Beers v. Arkansas*, 61 U.S. (20 How.) 527, 529 (1858)). Therefore, the term "person" was not intended to cover any entity otherwise entitled to state sovereign immunity. Because Maryland considers county boards of education to be state entities for the purpose of state sovereign immunity, *Beka Indus.*, 419 Md. at 210, they cannot be "persons" under § 1983 (even if their immunity is waived under certain circumstances). And "since *Donlon* was decided, courts have continued to conclude, almost routinely, that county school boards in Maryland are State agencies and therefore not 'persons' subject to suit under § 1983." *Heward v.*

*Bd. of Educ.*, No. 23-cv-195-ELH, 2023 WL 6381498, at \*29 (D.Md. Sep. 29, 2023) (collecting cases).  The court's dismissal of the MCBE as a defendant was sound.

Next, Plaintiff argues that MCPS is also suable under *Donlon* as a local agency, and that "[e]ven if the Court ultimately adheres to its view that MCPS is not separately suable," that is a mere pleading defect curable by amendment.  (ECF No. 36, at 6).  His reliance on *Donlon*, though misplaced as established above, puts the cart before the horse.  MCPS was dismissed because it is not a separate legal entity capable of being sued, and Plaintiff offers no reason why *that* conclusion was erroneous.  Amendment could not cure this legal defect.  The dismissal of MCPS stands, too.

Plaintiff rests the remainder of his argument on the contentions that the previous denial of leave to amend was clear error and undermined by newly discovered evidence, and that amendment would not be futile.  Fed.R.Civ.P. 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires."  Accordingly, the Fourth Circuit has instructed that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Plaintiff

6

is correct that the court denied leave to amend on the basis of futility. Specifically, Plaintiff made a cursory request for leave to amend in his opposition brief if there was "any curable pleading deficiency (e.g., substitution of the Board for 'MCPS,' additional detail as to a defendant, or refinement of a statutory count)," (ECF No. 31, at 15), and the court responded that "[t]he defects in the complaint are far more fundamental," (ECF No. 34, at 63). Plaintiff now must show that the court's futility assessment was clearly erroneous. He cannot.

As to Plaintiff's First Amendment claims, the court concluded that "most importantly, Defendants have provided adequate alternatives to Plaintiff that were still available despite the purportedly late notice that his opt-out request had been denied." (*Id.* at 41). Plaintiff was on notice as early as May of last year that both Defendants and the court found facts regarding the alternatives to be important, if not dispositive, and yet he has failed to offer any facts regarding the unsuitability of the alternatives or indicate his ability to do so. (ECF Nos. 20, at 22; 39-1, at 5-7). Therefore, there was little reason to believe he would do so in an amended complaint. Because his First Amendment claims were thus fundamentally defective, his Fourteenth Amendment claim would remain subject to rational basis review. (ECF No. 34, at 46-50). No new facts would change the result of

7

the rational basis analysis in this case.   (*See id.* at 50–52). Finally, no new facts would change the conclusion that the Protection of Pupil Rights Amendment is unenforceable via § 1983. (*See id.* at 59).   In short, the determination that amendment would be futile as to Plaintiff's federal claims was well founded. Reconsideration on this basis will be denied.

Plaintiff also offers two new exhibits, although it is unclear whether he offers them as newly discovered evidence or simply in support of his amendment argument.   He says he "does not rely *only* on 'newly discovered evidence,'" (ECF No. 41, at 1), presumably referring to the exhibits, which suggests he does believe the exhibits constitute newly discovered evidence.   Even so, he fails to "produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding."   *Pac. Ins. Co.*, 148 F.3d at 403 (quoting *Small*, 98 F.3d at 798).   The exhibits cannot warrant reconsideration.

Finally, Plaintiff moves to amend his complaint again on the basis that amendment would not be futile.   "[A] court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility.'"   *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc))

(citing *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir.2009)); *see also Daulatzai v. Maryland*, 97 F.4th 166, 177 (4th Cir. 2024) (explaining that "the standard for granting a Rule 59(e) motion is so broad and open ended that the court should apply the more specific standard of Rule 15(a) where prejudice, bad faith, or futility are brought to bear"). Plaintiff's amendment arguments fall short because, at a minimum, they entirely fail to address the defective allegations regarding the adequacy of the alternatives available.[1] *JET Sys., LLC v. J.F. Taylor, Inc.*, No. 24-cv-1628-DKC, 2025 WL 3227347, at *2 (D.Md. Nov. 19, 2025) ("Amendment is still futile, however, if the 'proposed amendment . . . fails to include allegations to cure defects in the original pleading.'" (quoting 6 Wright & Miller's Federal Practice & Procedure § 1487 (3d ed. 2025)) (citing *Olekanma v. Wolfe*, No. 15-cv-984-DKC, 2017 WL 4222630, at *7 (D.Md. Sep. 22, 2017))).

## IV.   Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied.  For the same reasons articulated

---

[1] Plaintiff also argues that he can amend his complaint to provide more facts showing that the MCBE and MCPS are local rather than state entities under the analysis prescribed in *Donlon*.  No facts can change that the MCBE is a state entity as a matter of law for sovereign immunity purposes and thus cannot be a "person" under § 1983.  Nor can any fact change the conclusion that the MCPS, as a matter of law, is not a separately suable entity.

in the dismissal opinion, (ECF No. 34, at 68), the remand of the state claims will be deferred for thirty days.  A separate order will follow.

          /s/          

DEBORAH K. CHASANOW
United States District Judge

10